IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE JAY E. HAYDEN FOUNDATION, CHARLES C. PALMER, COURT APPOINTED ADMINISTRATOR TO COLLECT ESTATE OF MARTHA L. HAYDEN, and SARA JOHNSON, COURT APPOINTED ADMINISTRATOR FOR ESTATE OF R. MAURINE JOHNSON, <br><br>  Plaintiffs, <br><br> vs. <br><br> FIRST NEIGHBOR BANK, N.A., *et al.*, <br><br>  Defendants. | Case No.: **3:08-cv-00325-MJR-PMF** |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are two Motions for Sanctions filed by Defendant Morris Lane Harvey (Doc. 144) and Defendants First Neighbor Bank, N.A., Bradley Fitch, Carol Jo Fritts, and June Hayden (Doc. 145).

The Seventh Circuit Court of Appeals has previously held that "a district judge may not refer a dispute regarding sanctions to a magistrate judge under 28 U.S.C. § 636(b)(1)(A) because the grant or denial of a request for sanctions constitutes a dispositive matter. *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 869 (7th Cir. 1996) citing *Alpern v. Lieb*, 38 F.3d 933, 936 (7th Cir. 1994). In that case, the Court stated that "[a]lthough an award under Rule 11 is conceptually different from a decision on the merits, it requires one party to pay money to another; the denial of a request for sanctions has an effect similar to the denial of a request for damages. The power to award sanctions, like the power to award damages, belongs in the hands

of the district judge." *Id.* As such, this matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation.

## FINDINGS OF FACT

The facts relevant to this case began when former Cumberland County Circuit Court Judge Robert Cochonour stole money from the accounts of several people who had trusted him to look over their financial affairs. These thefts allegedly began around 1985 and continued until 2002 when his actions came to light forcing him to resign from the bench and ultimately plead guilty to felony theft in January 2003. More than five years later, in May 2008, Plaintiffs brought a lawsuit against Defendants.

In response to this lawsuit, Defendants filed Motions to Dismiss on the basis that the case was not filed within the required four-year statute of limitations period. On December 17, 2008, the Court dismissed the case without prejudice after determining that the facts pled supported dismissal for untimeliness, and gave Plaintiffs until January 5, 2009 to file an amended complaint (Doc. 94). Defendants again filed Motions to Dismiss for untimeliness, and on June 16, 2009, the Court granted said motions, and found that it was "beyond question" that Plaintiffs' claims had accrued more than four years before the filing of this lawsuit and that it was "abundantly clear" that those claims were barred by the statute of limitations (Doc. 123).

After the case was dismissed with prejudice, Plaintiffs appealed the District Court decision. Around the same time as the Notice of Appeal was filed, Motions for Sanctions were filed by Defendant Morris Lane Harvey (Doc. 125) and Defendants First Neighbor Bank, N.A., Bradley Fitch, Carol Jo Fritts, and June Hayden (Doc. 129). The Court denied these motions without prejudice, and gave Defendants "leave to refile after the Seventh Circuit Court of

Appeals issues its decision on the parties' pending appeal." (Doc. 138).  On July 14, 2010, the Seventh Circuit Court of Appeals issued a mandate as to Plaintiffs' Notice of Appeal, thereby affirming the District Court's dismissal of this case.  One week later, Defendants filed their Motions for Sanctions.  To date, no responses to these motions have been filed by Plaintiffs.  Under SDIL-LR 23.1(g), "[f]ailure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

## CONCLUSIONS OF LAW

### I.      Standard for Rule 11 Sanctions

The purpose of Rule 11 of the Federal Rules of Civil Procedure is to prevent litigants from harassing opposing parties by filing claims that unnecessarily delay the pursuit of justice, needlessly increase litigation costs, or have no basis in law or fact. Fed. R. Civ. P. 11(b)(1)-(3).  As such, Fed. R. Civ. P. 11 is violated where, "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law," or "when it appears that a pleading has been interposed for any improper purpose." *Indianapolis Colts v. Mayor & City Council of Baltimore*, 775 F.2d 177, 181 (7th Cir. 1985) citing *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2nd Cir. 1985).

Fed. R. Civ. P. 11 does not require the Court to find that the party or his attorney acted in objective or subjective bad faith; rather, the court only needs to undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless. *Burda v. M. Ecker Co.*, 2 F.3d 769, 774 (7th Cir. 1993).  If the Court finds grounds for sanctions under Fed. R. Civ. P. 11, the Court has a duty, not an option, to sanction the opposing party. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 67 (1991).  A sanction imposed under…[Fed. R. Civ. P. 11]…must

be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4).

## II.     Standard for 28 U.S.C. § 1927 Sanctions

Under 28 U.S.C. § 1927, "[a]ny attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  The statute, by its terms, applies only to conduct that is both unreasonable and vexatious and in this way effectively requires a showing of bad faith. Wright, Charles Alan, and Mary Kay Kane 20 Federal Prac. & Proc. Deskbook § 74 (2009).

## RECOMMENDATIONS

The limitations period for RICO suits is "four years from the date that [Plaintiffs] discovered (or should, if diligent, have discovered) that [they] had been injured by the defendants." *Limestone Development Corp. v. Village of Lemont, Ill*., 520 F.3d 797, 800 (7th Cir. 2008) (citations omitted). "[The] four-year period for RICO claims begins to run when the plaintiff[s] knew or should have known that [they were] injured, 'even if [they had] not yet discovered the pattern of racketeering.'" *Reeves v. Frierdich,* 202 F.3d 274 (7th Cir. 2000) (quoting *McCool v. Strata Oil Co.*, 972 F.2d 1452, 1464-65 (7th Cir. 1992)).  This action was originally filed on May 5, 2008.  Therefore, if Plaintiffs discovered, or should, if diligent, have discovered, their injury prior to May 5, 2004, their RICO claims were time-barred.

As the Court stated in its Order dismissing this action on December 17, 2008, "Plaintiffs' claims that they were unaware of their injury [prior to May 5, 2004] and that Defendants concealed their actions seem hollow in light of their own factual assertions…." (Doc. 94). Although Plaintiffs were given leave to file an amended complaint after this initial dismissal,

they should have known that absent the concealment of facts previously disclosed in their First Amended Complaint or the substitution of claims that were not time-barred, the Court was going to dismiss the case once again as untimely. Even after filing their Second Amended Complaint, Plaintiffs could have voluntarily dismissed the case in response to Defendants' letters threatening the possibility of Fed. R. Civ. P. 11 sanctions. *See Docs. 144, exh. A, 145, exh. A.* Nonetheless, Plaintiffs went ahead with their litigation, believing that the Court's Order granting leave to file an amended complaint was "inviting a better-plead complaint." *Docs. 144, exh. B, 145, exh. B.* In response to Defendants' requests to dismiss the action, Plaintiffs responded that the "suggestion that the Second Amended Complaint is deficient is an issue more appropriately addressed in motion practice." *Id.*

Plaintiffs' response to Defendants' Fed. R. Civ. P. 11 letters indicate that they were more than willing to have the Court spend its time determining whether the Second Amended Complaint would survive a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. Although courts are in the business of resolving disputes between parties, they are not in the business of soliciting the filing of frivolous actions which waste the time of all persons involved, especially when an issue has been decided once before, and there is no possible way that the second outcome can differ from the first absent an act of impropriety or the pleading of a different cause of action. Plaintiffs' Second Amended Complaint failed to raise any new, timely, claims, and thus, Plaintiffs clearly should have known that despite the addition of over 100 paragraphs of facts, merely repeating its previous claims was going to result in dismissal in the same fashion as the first time around. In short, while Plaintiffs were given leave to amend their complaint, the Court was not inviting a second round of Fed. R. Civ. P. 12(b)(6) motions where the outcome should have been known ahead of time. Continuing with this litigation in the way Plaintiffs did

following the initial dismissal needlessly increased litigation costs pursuant to Fed. R. Civ. P. 11(b)(1). However, the Court does not believe that Plaintiffs were necessarily acting in bad faith as required by 28 U.S.C. § 1927.

In light of the foregoing findings of fact and conclusions of law, the Court **RECOMMENDS** that Plaintiffs' Attorneys be sanctioned under Fed. R. Civ. P. 11(c)(4) in the amount of **$4,000.00** to be split equally among Defendants' Attorneys of Record; Fox Galvin, LLC and Barack Ferrazzano Kirshbaum & Negelberg. The Court **FURTHER RECOMMENDS** that this amount be paid in equal shares by Plaintiffs, and their attorneys. The Court believes that this amount will necessarily deter future needless litigation costs by Plaintiffs and their attorneys.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1 (b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**SO RECOMMENDED.**

**DATED: September 3, 2010.**

> */s/ Philip M. Frazier*
> HON. PHILIP M. FRAZIER
> UNITED STATES MAGISTRATE JUDGE