IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAY E. HAYDEN FOUNDATION,<br>CHARLES C. PALMER, COURT<br>APPOINTED ADMINISTRATOR TO<br>COLLECT ESTATE OF MARTHA L.<br>HAYDEN, and SARA JOHNSTON,<br>COURT APPOINTED ADMINISTRATOR<br>FOR ESTATE OF R. MAURINE JOHNSON,<br><br>**Plaintiffs,**<br><br>vs.<br><br>FIRST NEIGHBOR BANK, N.A., CAROL JO<br>FRITTS, BRADLEY FITCH, JUNE HAYDEN,<br>WILLIAM A. SUNDERMAN, JOHN CUTRIGHT,<br>CUTRIGHT & CUTRIGHT, LTD., RALPH GLENN,<br>GLENN & LOGUE and MORRIS LANE HARVEY,<br><br>**Defendants.** | Case No. 08-CV-0325-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

In May 2008, Plaintiffs filed this lawsuit against Defendants under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. Plaintiffs claimed damages in excess of $1,000,000 as a result of the alleged RICO conspiracy, dating back and continuing for approximately 20 years. Defendants moved to dismiss, and, on December 17, 2008, the Court granted Defendants' motions because the action was filed beyond the four-year statute of limitations applicable to civil RICO actions. The Court granted Plaintiffs until January 5, 2009, to file a Second Amended

1

Complaint. (Doc. 94).

On January 5, 2009, Plaintiffs filed a Second Amended Complaint. Within two weeks, both the Bank Defendants and Morris Lane Harvey had served "warning shot" letters, pursuant to Rule 11 of the Federal Rules of Civil Procedure, demanding the withdrawal of the Second Amended Complaint. Plaintiffs and their counsel refused to withdraw the Second Amended Complaint. The Bank Defendants sent a second "warning shot" letter demanding the withdrawal of the Second Amended Complaint on February 16, 2009. Again, Plaintiffs refused to withdraw the complaint. On June 16, 2009, the Court granted Defendants' motions to dismiss, finding that Plaintiffs' claims were barred by the applicable statute of limitations and that the accrual of the action was not tolled by equitable estoppel (Doc. 123). Plaintiffs appealed, and, on July 14, 2010, the Seventh Circuit Court of Appeals issued its mandate affirming the judgment of this Court.

On July 21, 2010, the Bank Defendants and Harvey moved for sanctions against Plaintiffs pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 (Docs. 144, 145). The Court referred Defendants' sanctions motions to United States Magistrate Judge Philip M. Frazier pursuant to 28 U.S.C. § 636(b)(1)(B). ***See Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 868-69 (7th Cir. 1996) (resolution of a sanctions request is a dispositive matter referable to a magistrate judge for a report and recommendation)**.

On September 3, 2010, Judge Frazier submitted a Report (Doc. 150)

recommending that the undersigned Judge sanction Plaintiffs' attorneys under Fed. R. Civ. P. 11(c)(4) in the amount of $4,000.00 to be split equally among Defendants' Attorneys of Record, Fox Galvin, LLC, and Barack Ferrazzano Kirshbaum & Negelberg. Judge Frazier further recommended that this amount be paid in equal shares by Plaintiffs and their attorneys, in the belief that this amount would necessarily deter future needless litigation costs by Plaintiffs and their attorneys.

On September; 17, 2010, Harvey filed an objection to Judge Frazier's Report.[1]  A timely objection having been filed, this Court must undertake *de novo* review of the portions of the Report to which specific objection was made.  **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions.  **FED. R. CIV. P. 72(b);** *Willis v. Caterpillar, Inc.*, **199 F.3d 902, 904 (7th Cir. 1999).**

Harvey objects to the amount of the sanctions recommended by Judge Frazier, stating that Plaintiffs' claims against Harvey were covered by a policy of professional liability, under which Harvey was personally obligated to pay a deductible in the amount of $10,000 in his effort to defend this case.  Harvey appends to his objections an affidavit, in which he attests that the first $10,000 in fees and costs for his defense were personally paid by him and not the insurance company.

---

[1] The record shows that no other objection was filed and that Plaintiffs did not respond to Harvey's objection.

The insurmountable hurdle facing Harvey is that the information regarding his $10,000 deductible and his affidavit were not included with his motion for sanctions and, as a result, were not a part of Judge Frazier's considerations when he made his recommendation.  In that motion, he requested sanctions "in an amount equal to that which [he] and his insurer have incurred in fees and costs defending this case, as well as those fees incurred in litigating the instant motion"  (Doc. 144, pp. 9, 10).  In a footnote, Harvey states he will submit evidentiary material supporting his request if the Court agrees that sanctions are warranted.

First, Harvey should have submitted the relevant evidentiary material with the motion instead of expecting the Court to undertake a two-step process. Second, after the Report was issued, he could have moved for reconsideration, asking Judge Frazier to allow him to submit the material for his consideration.  Instead, Harvey waived that opportunity and now attempts to submit the material to the undersigned Judge in an end-run around Judge Frazier's carefully considered Report.

Because this issue was not properly presented until briefing here on the objection to the Report, it would hardly make sense to find error in the Report that was based on the motion as it stood before Judge Frazier.  An issue cannot be *preserved* for review by this Court if it was not raised before the magistrate judge.  ***See, e.g., Lang v. Shalala,* 1995 WL 444408, 2 (N.D.Ill.1995)**.  Stated another way, technically, there is no error to correct.   For the district court to consider an issue not raised before the magistrate judge would result in an inefficient use of judicial resources and would

scarcely square with Congress's intent, embodied in the Federal Magistrates Act, "to give district judges 'additional assistance' in dealing with a caseload that was increasing far more rapidly than the number of judgeships." *Thomas v. Arn*, **474 U.S. 140, 152 (1985) (quoting** *Mathews v. Weber*, **423 U.S. 261, 268 (1976))**.  In sum, the Court finds that review of the issue raised in Harvey's objection is waived.

For these reasons, the Court **ADOPTS in its entirety** Magistrate Judge Frazier's Report and Recommendation (Doc. 150).  Plaintiffs and their attorneys shall pay in equal shares the amount of **$4,000.00** to be split equally between Defendants' Attorneys of Record, Fox Galvin, LLC, and Barack Ferrazzano Kirshbaum & Negelberg by **November 22, 2010**.

**IT IS SO ORDERED.**

**Dated this 28th day of October, 2010**

                                              <u>s/Michael J. Reagan</u>
                                              **MICHAEL J. REAGAN**
                                              **United States District Judge**